UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RONALD PATRICK BURKE,

       Plaintiff,

  v.

DOLLAR TREE STORES, INC.,

       Defendant.

21-CV-835-LJV
DECISION & ORDER

---

On March 24, 2021, the *pro se* plaintiff, Ronald Patrick Burke, filed a complaint in New York State Supreme Court, Erie County, alleging that Dollar Tree Stores, Inc. ("Dollar Tree"), violated New York Civil Rights Law § 50-b. *See* Docket Item 1-2. Dollar Tree removed the case to this Court on July 21, 2021, Docket Item 1, and moved to dismiss about a week later, Docket Item 5. Burke responded on September 18, 2021, Docket Item 7, and on September 30, 2021, Dollar Tree replied, Docket Item 9. Burke then filed an additional document in support of his claim on December 16, 2021. Docket Item 11.

For the following reasons, Dollar Tree's motion to dismiss will be granted unless Burke amends his complaint to correct the deficiencies noted below.

**FACTUAL BACKGROUND**

Burke's complaint reads: "I allege that my, guaranteed and protected by the full power and authority of New York State and New York State Laws, civil rights have been violated under Civil Rights Code CVR-50B."  Docket Item 1-2 at 3.  In his response to the motion to dismiss, Burke offers some additional context for his claims.  He maintains that "[t]he people at Dollar Tree"—including the "managers, co[-]workers[,] and customers"—"know too much about [him]."[1]  Docket Item 7 at 2.  Burke claims that those individuals "then use this information to harass, stalk, menace, [and] haze" him, all of which "stems from them illegally . . . knowing too much about [him]" in violation of New York Civil Rights Law § 50-b.  *Id.*  Although Burke has "spoken with management" and "upper level management" about this, the conduct apparently has not stopped.  *Id.*

---

[1] Many of Burke's factual allegations are raised for the first time in his response.  Normally, a court "will not consider [] factual allegations raised for the first time in a brief in opposition to a motion to dismiss."  *Harrell v. N.Y. State Dep't of Corr. & Cmty. Supervision*, 2019 WL 3817190, at *2 n.3 (S.D.N.Y. Aug. 14, 2019).  Because Burke is proceeding *pro se*, however, and because the allegations in his response do not change the outcome, the Court has considered those allegations.

Burke also has filed a letter that includes a "copy of [a] crime report from San Jose, CA," which Burke intends to submit "as evidence in [his] case."  Docket Item 11.  In deciding a motion to dismiss, courts "may consider any written instrument attached to the complaint as an exhibit or any statements or documents incorporated in it by reference."  *Yak v. Bank Brussels Lambert*, 252 F.3d 127, 130 (2d Cir. 2001) (alterations, citation, and internal quotation marks omitted).  Although Burke's complaint does not refer to the crime report—and although the report was filed more than two months after briefing was complete on Dollar Tree's motion—the Court likewise has considered that report.

Burke should understand that any facts that he wants the Court to consider should be pleaded in any amended complaint rather than a response, *see Harrell*, 2019 WL 3817190, at *2 n.3, and that any written material Burke seeks to include should be "attached to the complaint or . . . incorporated in it by reference," *see Yak*, 252 F.3d at 130.

**LEGAL PRINCIPLES**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court "accept[s] all factual allegations as true and draw[s] all reasonable inferences in favor of the plaintiff." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016).

**DISCUSSION**

**I.   NEW YORK CIVIL RIGHTS LAW CLAIM**

Dollar Tree argues that New York Civil Rights Law § 50-b applies only to "public officer[s] or employee[s]" and therefore does not reach the conduct of private corporations. *See* Docket Item 5-1 at 7-8. Accordingly, Dollar Tree contends that Burke "cannot bring a § 50-b claim against [it]." *Id.* at 8. This Court agrees.

New York Civil Rights Law § 50-b, which prohibits disclosure of certain records that identify the victims of sex offenses, provides that:

> The identity of any victim of a sex offense, as defined in article one hundred thirty or section 255.25, 255.26 or 255.27 of the penal law, or of an offense involving the alleged transmission of the human immunodeficiency virus, shall be confidential. No portion of any report, paper, picture, photograph, court file or other documents, in the custody or possession of any public officer or employee, which identifies such a victim shall be made available

> for public inspection.  No such public officer or employee shall disclose any portion of any police report, court file, or other document, which tends to identify such a victim except as provided in subdivision two of this section.

N.Y. Civ. Rights Law § 50-b(1).[2]  Section 50-c provides a private cause of action against individuals who violate section 50-b.  See N.Y. Civ. Rights Law § 50-c ("If the identity of the victim of an offense defined in subdivision one of section fifty-b [sic] of this article is disclosed in violation of such section, any person injured by such disclosure may bring an action to recover damages . . . .").

By its plain language, New York Civil Rights Law § 50-b covers "public officer[s] [and] employee[s]."  N.Y. Civ. Rights Law § 50-b(1).  New York courts therefore have read section 50-b to cover only public entities.  See Fappiano v. N.Y.C. Police Dep't, 95 N.Y.2d 738, 744, 747 N.E.2d 1286, 1288 (2001) ("Civil Rights Law § 50-b(1) prohibits disclosure by a government employee of any portion of a police report, court file or other document which tends to identify the victim of a sex crime."); Ava v. NYP Holdings, Inc., 20 Misc.3d 1108(A), 866 N.Y.S.2d 90 (Sup. Ct. N.Y. Cty. 2008) (finding that the plaintiff cannot maintain a claim for a violation of section 50-b where "the [d]efendants [] are not public officers or employees"); Doe v. N.Y. Univ., 6 Misc. 3d 866, 877, 786 N.Y.S.2d 892, 902 (Sup. Ct. N.Y. Cty. 2004) ("A fair reading of Civil Rights Law § 50-b indicates that this statute only applies to public officials or employees, and, therefore, the statute does not . . . penalize media accounts of sexual offenses . . . ."); cf. Lucidore v. N.Y. State Div. of Parole, 209 F.3d 107, 109 n.4 (2d Cir. 2000) ("New York Civil Rights Law § 50-b[] provides that the identities of . . . victims of sex offenses be kept confidential *by*

---

[2] Section 50-b(2) provides certain exceptions to the disclosure prohibition in section 50-b(1); none of those exceptions appear to apply here.

*the State* . . . ." (emphasis added)).  In fact, the New York Court of Appeals has interpreted the cause of action under section 50-c as "imposing civil liability upon *governmental entities* that disclose the identity of a sex crime victim in violation of section 50-b." *Fappiano*, 95 N.Y.2d at 748, 747 N.E.2d at 1291 (emphasis added).

That reading of section 50-b is reflected in a prior case that Burke himself filed, which he identifies in his response brief.  More specifically, Burke refers to his "last case" brought under New York Civil Rights Law § 50-b and alludes to "numerous precedents" supposedly showing that section 50-b applies to private entities and demonstrating that section 50-b "has been used . . . successfully."  Docket Item 7 at 3.  But in Burke's prior case, the court likewise noted that section 50-b "only applies to public officials and employees" rather than "limited liability compan[ies]" like the named defendant.  *See Burke v. Oakwood Assocs. of WNY LLC*, No. 803429/2021, Docket Item 19 at 3 (Sup. Ct. Erie Cty. Aug. 17, 2021) (granting motion to dismiss for failure to state a claim under New York C.P.L.R. § 3211(a)(7)).

Burke's complaint includes no allegations suggesting that Dollar Tree is subject to New York Civil Rights Law § 50-b.  And Dollar Tree has submitted a declaration affirming that it is a "corporation[] existing under the laws of the State of Virginia," Docket Item 1-4 at ¶ 3—in other words, that it is not a "public officer or employee."  Based on all the above, it appears that Burke therefore cannot state a claim against Dollar Tree for violating New York Civil Rights Law § 50-b.

## II.   LEAVE TO AMEND

Burke's claim under section 50-b therefore does not appear to be viable.  Nevertheless, this Court grants him leave to amend his complaint to allege how Dollar

Tree is liable to him.  *See Shibeshi v. City Univ. of N.Y.*, 531 F. App'x 135, 136 (2d Cir. 2013) (summary order) ("[D]istrict courts should generally not dismiss a *pro se* complaint without granting the plaintiff leave to amend . . . .").  In any amended complaint, Burke should include any factual allegations setting forth the basis for his claims as well as any documents he intends to incorporate by reference.  *See Iqbal*, 556 U.S. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting *Twombly*, 550 U.S. at 570)).

## **CONCLUSION**

For all the reasons stated above, Dollar Tree's motion to dismiss will be GRANTED unless, within 60 days of the date of this order, Burke files an amended complaint stating a plausible claim to relief.  Dollar Tree may answer, move against, or otherwise respond to any amended complaint within 30 days of its filing.  If Burke does not file an amended complaint within 60 days, then his complaint will be dismissed, and the Clerk of the Court shall close this case without further order.

SO ORDERED.

Dated:  February 22, 2022
        Buffalo, New York

                                            */s/ Lawrence J. Vilardo*
                                            LAWRENCE J. VILARDO
                                            UNITED STATES DISTRICT JUDGE