UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RONALD PATRICK BURKE,

    Plaintiff,

v.

DOLLAR TREE STORES, INC.,

    Defendant.

21-CV-835-LJV
DECISION & ORDER

---

On March 24, 2021, the *pro se* plaintiff, Ronald Patrick Burke, filed a complaint in New York State Supreme Court, Erie County, alleging that Dollar Tree Stores, Inc. ("Dollar Tree"), violated his rights under New York Civil Rights Law § 50-b.  *See* Docket Item 1-2.  Dollar Tree removed the case to this Court on July 21, 2021, Docket Item 1, and it moved to dismiss about a week later, Docket Item 5.

On February 22, 2022, this Court found that Burke's claim under New York Civil Rights Law § 50-b was subject to dismissal because that statute regulates only the conduct of public officers or employees, not private entities like Dollar Tree.  Docket Item 14.  But this Court gave Burke leave to amend his complaint to allege how Dollar Tree might be liable to him.  *Id.*

Burke filed an amended complaint on March 10, 2022, and Dollar Tree renewed its motion to dismiss on April 7, 2022.  Docket Items 15, 17.  Burke responded to Dollar Tree's motion on April 27, 2022, and Dollar Tree replied on May 10, 2022.  Docket Items 19, 21.

For the reasons that follow, Dollar Tree's motion to dismiss is granted.

## **FACTUAL BACKGROUND**[1]

According to Burke, Dollar Tree "illegally know[s] too much about [him], use[s] that knowledge against [him,] and then den[ies] having that knowledge/information in the first place." Docket Item 15 at 8. Although Dollar Tree has "d[one] a fairly good job of staying behind the veil[ by] using innuendos and vague referential language," there was "one accidental slip up" that demonstrated Dollar Tree's misconduct. *Id.* More specifically, "one day [Burke] walked into the store as a customer and overheard a manager talking to an associate about . . . how much the manager hated [Burke], despised [him], couldn't wait to get rid of [him,] and would ultimately show [him] who is the boss." *Id.* As a result of Dollar Tree "know[ing] too much about [Burke]," he has faced "a host of other legal issues," including "menacing, stalking, hazing, harassing, hate crimes, [and] slander." *Id.* at 6.

---

[1] In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court "accept[s] all factual allegations as true and draw[s] all reasonable inferences in favor of the plaintiff." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016).

After Burke filed his amended complaint, he submitted "additional evidence/testimony to be included in the docket" from Burke's "harassment suit against Dollar Tree . . . which is very similar to and has many overlaps with" this case. Docket Item 16. That filing includes Burke's correspondence with the New York State Division of Human Rights ("NYSDHR") and a letter from Burke to New York State Governor Kathy Hochul. *Id.*

This Court previously advised Burke that "any facts that [Burke] wants the Court to consider should be pleaded in an[] amended complaint" and "any written material Burke seeks to include should be attached to the complaint or incorporated in it by reference." Docket Item 14 at 2 n.1 (alterations, citation, and internal quotation marks omitted). Nevertheless, and even though Burke's supplemental filing was not included in the amended complaint or incorporated in it by reference, this Court has considered all the materials that Burke has submitted to this Court in this decision.

Burke has "attempted to address this very issue just about everywhere that [he] ha[s] gone for the past 7 or 8 years now." *Id.* at 9. He has "talked to [Dollar Tree's] management [and] Human Resources [department]," called "the [New York State Division] of Human Rights," written to "elected officials," and "talked to various police departments and the Erie County District Attorney's office." *Id.* Despite that, the illegal "behavior seems to be just about universal." *Id.*

## LEGAL PRINCIPLES

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

## DISCUSSION

In his amended complaint, Burke alleges that Dollar Tree violated his "right to privacy" under section 50-b of the New York Civil Rights Law and the Fourth and Fourteenth Amendments of the United States Constitution.[2] Docket Item 15 at 1. For the reasons that follow, neither claim is viable.

---

[2] Throughout his filings, Burke also refers to a number of laws that he "think[s] are being violated continuously just about every day." *See* Docket Item 15 at 12; *see*

3

I.   **NEW YORK CIVIL RIGHTS LAW CLAIM**

In its prior decision, this Court found that Burke's claim under New York Civil Rights Law § 50-b was not viable.  Docket Item 14 at 4.  More specifically, this Court concluded that Burke cannot maintain a claim against Dollar Tree under section 50-b because that statute reaches only the conduct of public officers or employees.  *Id.* at 4-5.

---

*also, e.g.*, Docket Item 19 at 7.  It is not clear from Burke's filings how Dollar Tree allegedly violated those laws; in fact, many of Burke's allegations relate to parties not in this case.  *See, e.g.*, Docket Item 19 at 7 (alleging violations of "[landlord]/tenant harassment" and "[r]unning a nuisance"), 20-21 (describing harassment at his residence but not identifying how Dollar Tree could be held responsible).  And Burke lacks the ability to sue for violations of many of the laws he cites.  *Compare* Docket Item 15 at 12, 161-89 (alleging violations of various New York State criminal laws), *with Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

The only other factual allegations in Burke's filings that possibly implicate Dollar Tree relate to alleged workplace discrimination that Burke suffered at Dollar Tree.  *See, e.g.*, Docket Item 19 at 22 (claiming that Dollar Tree "terminated [Burke] wrongfully" because of his alleged disability); *see also id.* at 7 (alleging violations of the Americans with Disabilities Act).  Burke apparently is in the process of raising those claims before the NYSDHR.  *See* Docket Item 16 at 1 (noting that Burke "recently submitted a workplace harassment suit" to the NYSDHR).  So Burke likely cannot raise those claims now.  *See Soules v. Conn., Dep't of Emergency Servs. & Pub. Prot.*, 882 F.3d 52, 57 (2d Cir. 2018) ("Ordinarily, a plaintiff seeking to bring a claim pursuant to the Americans with Disabilities Act . . . must [first] exhaust administrative remedies."); *York v. Ass'n of Bar of City of N.Y.*, 286 F.3d 122, 127 (2d Cir. 2002) ("[O]nce a plaintiff brings a case before the NYSDHR, he or she may appeal only to the Supreme Court of [the] State of New York."); *Tardd v. Brookhaven Nat'l Lab'y*, 407 F. Supp. 2d 404, 419 (E.D.N.Y. 2006) (dismissing New York State Human Rights Law claim where the plaintiff's administrative complaint was "still pending").

In light of that, leave to amend to allege any other claims against Dollar Tree is denied.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (noting that leave to amend a *pro se* complaint may be denied where repleading would be "futile").  If Burke has other claims he wishes to bring against Dollar Tree, he should do so in a separate action.

In his amended complaint, Burke again maintains that his "right to privacy . . . is being violated under [New York Civil Rights Law § 50-b]." Docket Item 15 at 1; *see also id.* at 6 (alleging that "the defendant[] illegally[,] in violation of . . . [New York] Civil Rights Law [§§ 50(b), (c),] know[s] too much about me"). And Burke contends that in a "series of cases," New York Civil Rights Law § 50-b has been "used on individuals or groups other than public officials." Docket Item 19 at 9-11.

But none of the cases that Burke cites involved a plaintiff suing a private defendant for allegedly violating New York Civil Rights Law § 50-b. In fact, some of those cases reiterate what this Court concluded in its prior decision: that Burke cannot maintain a claim against Dollar Tree for allegedly violating New York Civil Rights Law § 50-b.[3] *See, e.g.*, *Fappiano v. N.Y.C. Police Dep't*, 95 N.Y.2d 738, 744, 747 N.E.2d 1286, 1288 (2001) ("Civil Rights Law § 50-b(1) prohibits disclosure by a *government employee* of any portion of a police report, court file[,] or other document which tends to identify the victim of a sex crime." (emphasis added)); *Doe v. N.Y. Univ.*, 6 Misc. 3d 866, 877, 786 N.Y.S.2d 892, 902 (Sup. Ct. N.Y. Cnty. 2004) ("A fair reading of Civil Rights Law § 50-b indicates that this statute only applies to public officials or employees, and therefore, the statute does not . . . penalize media accounts of sexual offenses . . . ."); *Deborah S. v. Diorio*, 153 Misc. 2d 708, 720, 583 N.Y.S.2d 872, 881 (N.Y. Civ. Ct. 1992) ("Civil Rights Law § 50-b only applies to public officials or employees."). And

---

[3] As Burke notes, many of the cases he cites involved plaintiffs seeking to "proceed under anonymous pseudonyms," not direct claims under New York Civil Rights Law § 50-b. *See* Docket Item 19 at 9; *see also, e.g.*, *Doe v. Good Samaritan Hosp.*, 66 Misc. 3d 444, 115 N.Y.S.3d 853 (Sup. Ct. Nassau Cnty. 2019) (granting motion to proceed anonymously). So those cases offer no basis for the sort of claim Burke presses here.

Burke has not otherwise alleged how Dollar Tree could be held liable under New York Civil Rights Law § 50-b.

For those reasons, and for the reasons stated in this Court's prior decision, *see* Docket Item 14, Burke cannot sue Dollar Tree under New York Civil Rights Law § 50-b. That claim therefore is dismissed without leave to amend.

## II.    CONSTITUTIONAL CLAIMS

In addition to his claim under New York Civil Rights Law § 50-b, Burke says that Dollar Tree violated his constitutional rights under the Fourth and Fourteenth Amendments.  Docket Item 15 at 1.  Generally, the "United States Constitution regulates only the [g]overnment, not private parties."  *Grogan v. Blooming Grove Volunteer Ambulance Corps.*, 768 F.3d 259, 263 (2d Cir. 2014); *see also Phillips v. Sage Colleges*, 83 F. App'x 340, 341 (2d Cir. 2003) (summary order) ("With the exception of the Thirteenth Amendment prohibition against slavery, the United States Constitution regulates only government action, not that of private parties.").  So when a plaintiff "alleges that [his] constitutional rights have been violated," he "must first establish that the challenged conduct constitutes 'state action.'"  *Grogan*, 768 F.3d at 263 (citation and internal quotation marks omitted).  "A plaintiff complaining that the actions of a nominally private entity violated [his] constitutional rights makes this showing by demonstrating that 'there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself.'"  *Id.* (internal quotation marks omitted) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)).

6

The Second Circuit has "identified three main tests to determine" whether an otherwise private entity has engaged in state action:

> "(1) when the entity acts pursuant to the coercive power of the state or is controlled by the state ('the compulsion test'); (2) when the state provides significant encouragement to the entity, the entity is a willful participant in joint activity with the state, or the entity's functions are entwined with state policies ('the joint action test' or 'close nexus test'); and (3) when the entity has been delegated a public function by the state ('the public function test')."

*Barrows v. Becerra*, 24 F.4th 116, 135 (2d Cir. 2022) (alterations and internal quotation marks omitted) (quoting *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012)). "The fundamental question under each test is whether the private entity's challenged actions are 'fairly attributable' to the state." *Fabrikant*, 691 F.3d at 207 (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)).

Burke has not alleged any facts showing how Dollar Tree could be held liable as a state actor for any purported constitutional violation; in fact, it is not clear from Burke's filings how Dollar Tree has any relationship to any public entity at all. Nor is there any indication in either Burke's complaint or amended complaint that any constitutional claim against Dollar Tree could be viable. For those reasons, Burke's constitutional claims against Dollar Tree are dismissed without further leave to amend. *See Cuoco*, 222 F.3d at 112.

## III.   RIGHT TO PRIVACY

Liberally construed, *see id.*, Burke seems to be alleging that his broader right to privacy has been violated. *See* Docket Item 15 at 1; *see also* Docket Item 19 at 18-19. But "New York does not recognize a common law right to privacy claim."[4] *Kitani v.*

---

[4] New York recognizes a statutory right to privacy, which is not relevant in this case. *See Sketchworks Indus. Strength Comedy, Inc. v. Jacobs*, 2022 WL 1501024, at

*N.Y.C. Transit*, 2022 WL 874781, at *15 (S.D.N.Y. Mar. 24, 2022); *see also Benistar Admin Servs., Inc. v. Wallach*, 2021 WL 1394058, at *5 (E.D.N.Y. Jan. 13, 2021) ("[I]nvasion of privacy[] . . . is not recognized under New York law."). And to the extent Burke alleges that Dollar Tree violated his constitutional right to privacy, *see* Docket Item 15 at 10, that claim is dismissed for the reasons stated above.[5] Accordingly, any other right to privacy claim is dismissed without leave to amend.

## CONCLUSION

For the reasons stated above, Dollar Tree's motion to dismiss, Docket Item 17, is GRANTED. The Clerk of the Court shall close the case.


SO ORDERED.

Dated:   October 27, 2022
         Buffalo, New York


      /s/ Lawrence J. Vilardo
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE

---

*9 (S.D.N.Y. May 12, 2022) ("To prevail on a statutory right to privacy claim under the New York Civil Rights Law, a claimant must prove: (1) use of [the] plaintiff's name, portrait, picture[,] or voice (2) for advertising purposes or for the purposes of trade (3) without consent and (4) within the state of New York." (citation and internal quotation marks omitted)).

[5] While Burke argues that other states protect a right to privacy of the sort that he invokes here, *see* Docket Item 19 at 14 (citing Florida and California law), it is not at all clear why those other states' laws would apply in this case, which involves conduct that Dollar Tree purportedly committed in New York.